IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID W. SANKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04cv1146-F |
| ) | WO |
| CITY OF LUVERNE, ALABAMA, ) | |
| ) | |
| Defendants ) | |

**<u>ORDER ON MOTION</u>**

Upon consideration of defendant's motion to deem requests for admission admitted and motion to compel (Doc. #13), and for good cause, it is

ORDERED that the motion is GRANTED. Defendant's requests for admission (nos. 8, 9, 11, 12, 17, 18, 19, 20, and 21) are hereby deemed admitted by operation of Fed. R. Civ. P. 36(a). See <u>ADM Agri-Industries, Ltd. v. Harvey</u>, 200 F.R.D. 467, 470 (M.D. Ala. 2001) (Rule 36 provides an automatic mechanism for deeming unanswered requests for admission to be admitted).[1] Plaintiff shall provide his initial disclosures and responses to interrogatories and requests for production to defendant on or before October 15, 2005. Plaintiff is strongly CAUTIONED that, if he fails to meet this deadline, his case may be dismissed.

---

[1] Plaintiff has responded neither to the requests for admission, interrogatories, and requests for production, nor to the court's order for a response to be filed to the instant motion. Absent a court order permitting withdrawal or amendment of plaintiff's constructive admissions, they are "conclusively established." Fed.R.Civ.P. 36(b). The court "'may permit withdrawal or amendment [of an admission] when [(1)] the presentation of the merits of the action will be subserved thereby and [(2)] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" <u>Id</u>. at 470-71 (citations omitted). Plaintiff has made no showing that would satisfy this test.

DONE, this 5th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE