IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID W. SANKEY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 2:04-cv-1146-MEF |
| ) | |
| CITY OF LUVERNE, ALABAMA, ) | (WO-Not Recommended for Publication) |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION AND ORDER**

In this lawsuit, David W. Sankey ("Sankey") alleges that his employer, the City of Luverne, Alabama ("Luverne") discriminated against him on the basis of his race. Pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981, Sankey seeks redress. This cause is presently before the Court on Defendant's Motion and Brief for Summary Judgment (Doc. # 16), which Luverne filed on November 30, 2005. Despite having been ordered to do so, Sankey has failed to file any opposition to this motion. The court has carefully considered the undisputed evidence filed with the motion and the applicable law and discerned that the motion for summary judgment is due to be GRANTED for the reasons set forth below.

**I. JURISDICTION AND VENUE**

Jurisdiction over this matter is properly asserted pursuant to 28 U.S.C. §1331. The parties do not contest personal jurisdiction or venue and the Court finds adequate allegations of both.

## II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to

2

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, a party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters,* 901 F.2d 1578, 1580 (11th Cir. 1990). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III.  FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to Sankey, the non-moving party, establish the following material facts:

Sankey began his employment with Luverne's Police Department on May 31, 1995. In 1996, Luverne promoted Sankey to the rank of corporal. By 2003, Sankey had been given the title of police investigator, but his rank was still corporal.

In December of 2003, Chief Bob Davis ("Chief Davis") of the Luverne Police Department[1] announced his decision to promote Jason Powell ("Powell"), a Caucasian male who had been working on the drug task force, from corporal to sergeant. At the time Powell was promoted, he had less seniority with Luverne than Sankey had. Sankey admits that he has "no idea" why Powell was promoted to sergeant, but contends that his own seniority made him more qualified for the promotion than Powell was.[2] Sankey also admits that he does not know anything about Powell's training or qualifications prior to the time of Powell's promotion. It is undisputed that the promotion to sergeant at issue in this lawsuit involved only a change in rank and was not associated with an increase in pay or other benefits. In fact, even after the promotion to sergeant, Powell made less money than Sankey did.

When he was promoted in December of 2003, Powell had been working on the Drug Task Force, which is a separate law enforcement entity neither affiliated with, nor controlled by Luverne. This agency is comprised of law enforcement officers from Butler County, Lowndes County, and Crenshaw County. Luverne sponsors one member of the Drug Task Force. The Drug Task Force reimburses Luverne 75% of the sponsored officer's salary.

Chief Davis made the decision to promote Powell to sergeant. According to Chief Davis, seniority was a factor in promotion decisions, but it was not the sole determinative

---

[1] Davis is no longer the Chief of Police. Paul Allen took over as Chief of Police in January of 2005.

[2] It is undisputed that Powell began working for Luverne's police department approximately eighteen months after Sankey began working there.

factor. An officer's objective record, ability, achievements, attitude, work ethic and other attributes also influenced the decision. Chief Davis based his decision to promote Powell to sergeant based on Powell's proven ability, knowledge, motivation, and overall achievement. In Chief Davis' opinion, Powell merited promotion to sergeant in December of 2003 because his abilities as an officer and investigator were far superior to those exhibited by Sankey at that time. It is undisputed that Powell consistently scored higher than Sankey on the department's annual handgun course and that Powell's file contained numerous commendations and letters of appreciation. It is also undisputed that Powell's file contains no evidence of any warnings or disciplinary actions.

On February 19, 2004, after Powell left the police force, Sankey began working on the Drug Task Force. In May of 2004, the policy on overtime work for members of the Drug Task Force changed. After that time, members of the Drug Task Force were not allowed to work more than two and a half hours of overtime per week. Prior to this change, Sankey had been allowed to work up to ten hours of overtime per week. Sankey points out that regular patrol officers on the street who are not members of the Drug Task Force are still allowed to work more than two and a half hours of overtime per week. Sankey admits that their job responsibilities and supervisors are different than his own. Sankey admits that he has been paid more than enough to cover all overtime he actually worked.

In May of 2005, Luverne promoted Sankey to sergeant. Sankey admits that he has never heard any racial slurs by anyone from Luverne. He admits that no one ever told him

that he was not promoted because of his race. While Sankey states that he was told that promotions were based on seniority, he admits that when he was promoted to Corporal in 1996, he was promoted at the same time to the same position as someone with more seniority than he had.

Sankey filed suit against Luverne in November of 2004. He alleges race discrimination with respect to the decision to promote Powell instead of him in December of 2003. He also alleges disparate treatment on the basis of race with respect to the policy concerning the amount of overtime officers are allowed to work.

## IV. DISCUSSION

**A. Claim Relating to Denial of Promotion in December of 2003**

Title VII makes it an "unlawful employment practice" for an employer to fail or refuse to promote any individual because of his race. *See, e.g.,* 42 U.S.C. § 2000e-2(a); *Sledge v. Goodyear Dunlop Tires N. Am. Ltd,* 275 F.3d 1014, 1018 (11th Cir. 2001) (race); *Gaddis v. Russell Corp.,* 242 F. Supp. 2d 1123, 1134-35 (M.D. Ala.)*, aff'd without opinion,* 88 Fed. App. 385 (11th Cir. 2003) (race). Similarly, Section 1981 provides a remedy to those who can show that they were discriminated against on the basis of their race by their employer with respect to a promotional decision. *See, e.g., Sledge,* 275 F.3d at 1018; *Gaddis,* 242 F. Supp. 2d at 1134-35.

Because Sankey relies upon circumstantial evidence,[3] rather than direct or statistical evidence, his discrimination claims are properly analyzed using the burden shifting paradigm developed in *McDonnell Douglas v. Green* and its progeny. *See, e.g., McDonnell Douglas v. Green,* 411 U.S. 792 (1973). This approach applies to race discrimination claims pursuant to Title VII, as well as to claims pursuant to 42 U.S.C. § 1981.[4] Under this approach, the plaintiff has the burden of establishing a *prima facie* case of unlawful discrimination by a preponderance of the evidence. *Id.* at 802. This *prima facie* case requires "evidence adequate to create an inference that an employment decision was based on a[n] illegal discriminatory criterion." *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 358 (1977). The plaintiff's establishment of a *prima facie* case raises a presumption of illegal discrimination. *See, e.g., Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254 (1981); *Chapman v. AI Transp.,* 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*).

If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to rebut the presumption by articulating a legitimate, nondiscriminatory reason for its employment action. *Holifield v. Reno,* 115 F.3d 1555, 1564-65 (11th Cir. 1997). "This

---

[3] Because Sankey has not filed any opposition to the motion for summary judgment, the court has reviewed the allegations of his Complaint and his responses to discovery queries, both written and oral, and ascertained that he lacks any evidence which could be characterized as direct evidence of discrimination. Accordingly, this case is properly analyzed as one predicated on circumstantial evidence.

[4] Both Title VII and Section 1981 have the same requirements of proof and use the same analytical framework. *See, e.g., Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998), *reh'g en banc denied,* 172 F.3d 884 (11th Cir. 1999).

intermediate burden is 'exceedingly light.'" *Id.* (quoting *Turnes v. AmSouth Bank, N.A.,* 36 F.3d 1057, 1061 (11th Cir. 1994). The defendant has only a burden of production, not a burden of persuasion, and does not have to persuade a court that it was actually motivated by the reason advanced. *McDonnell Douglas,* 411 U.S. at 802; *Burdine,* 450 U.S. 253-55.

Once the defendant satisfies this burden of production,

> the presumption of discrimination is eliminated and the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the *prima facie* case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision.

*Chapman,* 229 F.3d at 1024 (internal citations and quotations omitted). The establishment of the *prima facie* case does not, in itself, entitle the plaintiff to defeat a defendant's motion for summary judgment. After the defendant proffers a legitimate reason for its actions, "[i]n order to avoid summary judgment, a plaintiff must produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual." *Chapman,* 229 F.3d at 1037.

To establish a *prima facie* case in a failure to promote claim, the plaintiff must prove the following four elements:

> 1) that [he] belongs to a protected class; 2) that [he] was qualified for a job for which the employer was seeking applicants; 3) that despite [his] qualifications, [he] was rejected; and 4) that, after [his] rejection, the employer continued to seek applicants or filled the position with a person outside of plaintiff's protected class.

8

*Gaddis v. Russell Corp.,* 242 F. Supp. 2d at 1135. *Accord, Walker v. Mortham,* 158 F.3d 1177, 1186 (11th Cir. 1998), *cert. denied,* 528 U.S. 809 (1999). The court assumes *arguendo* that on the evidence before it, Sankey can establish a *prima facie* case of race discrimination with respect to the promotion of Powell to sergeant in December of 2003.

Although Sankey can arguably establish a *prima facie* case of race discrimination with respect to the December 2003 promotion of Powell, Luverne has met its burden of production by articulating a legitimate, non-discriminatory reason for its decision to promotion Powell, rather than Sankey. Luverne contends that Powell was promoted instead of Sankey because Powell was a better candidate.

Because Luverne has met its burden by producing admissible evidence articulating legitimate, non-discriminatory reasons for the promotion of Powell, the burden shifts back to Sankey to establish that those reasons are pretextual. Sankey may establish pretext by undermining the credibility of Luverne's proffered explanations. *See Combs v. Plantation Patterns,* 106 F.3d 1519, 1538 (11th Cir. 1997), *cert. denied,* 522 U.S. 1045 (1998). Instead of relying on conclusory allegations of discrimination, Sankey must adduce evidence demonstrating "such weaknesses, implausibilities, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable fact finder could find them unworthy of credence." *Id.*

It is obvious from Sankey's testimony that he believes that the decision to promote Powell to sergeant instead of promoting him to that position struck Sankey as unfair because

9

he had worked as a police officer for Luverne longer than Powell had. The "fairness" of such a decision is not before this court. The issue is whether the decision constituted illegal discrimination on the basis of Sankey's race. Indeed, federal courts "are not in the business of adjudging whether employment decisions are prudent or fair. Instead [the] sole concern is whether unlawful discriminatory animus motivate[d] a challenged employment decision." *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1361 (11th Cir. 1999), *cert. denied,* 529 U.S. 1109 (2000). *Accord, Rojas v. Florida,* 285 F.3d 1339, 1342 (11th Cir. 2002) (explaining that in analyzing discrimination claims, federal courts must be careful not to let plaintiffs "simply litigate whether they are, in fact, good employees" and must focus on whether the proffered reason for employment decision at issue was an honest one, rather than whether it was a correct one).

To the extent that Sankey appears to contend that he was more qualified than Powell by virtue of his seniority, the Eleventh Circuit Court of Appeals has indicated that the issue in discrimination cases is not whether one employee is better qualified than another because federal courts do not sit in judgment of an employer's decision. *See Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004), *cert. denied* 126 S. Ct. 478 (2005). As a result, " a plaintiff cannot prove pretext by simply showing that he was better qualified than the individual who received the position that he wanted." *See Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir .2000), *cert. denied,* 532 U.S. 958 (2001). Pretext can be established through comparing qualifications only when "the disparity in qualifications is so apparent

10

as virtually to jump off the page and slap you in the face." *Cooper,* 390 F.3d at 732 (citation and internal quotation omitted). However, an employee's showing that the employer hired a less qualified candidate is probative of whether the employer's reason is pretextual, but not proof of pretext. *Lee,* 226 F.3d at 1253. The Court cannot find, on the record before it, that any disparity between the qualifications of Powell and Sankey for the sergeant position is so apparent as to virtually jump off the page and slap you in the face.

Consequently, the record before this Court compels the conclusion that Sankey has failed to create a genuine issue of material fact with respect to whether the legitimate, non-discriminatory reasons proffered for the decision to promote Powell to sergeant was a pretext for race discrimination. Under the applicable legal standards, Luverne is entitled to judgment as a matter of law on Sankey's claim that he was denied promotion to sergeant in December of 2003 on account of his race. Consequently, Luverne's motion for summary judgment is due to be GRANTED as to that claim.

**B. Claim Relating to Overtime Work and Pay**

Although in his Complaint, he alleges that he was not paid for certain overtime worked, the undisputed evidence before this court, including Sankey's own admission in his deposition, establishes that he was paid for all overtime worked. Consequently, the sole claim in this suit relating to overtime, is Sankey's claim that he has been subjected to disparate treatment on account of his race because he is not allowed to work more than two and a half hours of overtime per week. In an effort to establish this claim, Sankey compares

11

himself to patrol officers. It is undisputed that these patrol officers are paid from a different source of funds, supervised by a different supervisor, and perform different tasks than Sankey. Indeed, Sankey's deposition testimony admits a great many significant differences between his position and the patrol officers. Accordingly, the Court finds that Sankey has failed to establish a *prima facie* case of disparate treatment with respect to his claims concerning the limitation on his overtime hours. The patrol officers are not appropriate comparators. Thus, different treatment of Sankey and the patrol officers with respect to overtime creates no inference that Sankey has been subject to disparate treatment on account of his race. Luverne is entitled to judgment as a matter of law on this claim.

## V. CONCLUSION

For the reasons stated above, the Court finds that Luverne is entitled to summary judgment on all of Sankey's claims. Accordingly, it is hereby ORDERED as follows:

(1) Defendant's Motion and Brief for Summary Judgment (Doc. # 16) is GRANTED.

(2) The pretrial and the trial scheduled in this matter are CANCELLED.

This Court will enter a separate final judgment taxing costs.

DONE this the 1st day of February, 2006.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE